

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00152-CR

———————————————

DAVID ANGELO COLON JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1539044D

Before Bassel, Wallach, and Walker, JJ.
Per Curiam Memorandum Opinion

Appellant David Angelo Colon Jr. pleaded not guilty to murder. *See* Tex. Penal Code Ann. § 19.02. A jury found him guilty and assessed his punishment at 50 years' confinement and a $5,000 fine, and the trial court entered judgment on the verdict. *See id.* § 12.32 (stating first-degree-felony punishment range of five to ninety-nine years or life and up to a $10,000 fine).

Colon's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*,[1] representing that he "can find no errors warranting reversal that can be legitimately supported by the record" and has determined that the appeal "is without merit and is frivolous." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding).

Colon filed a pro se response to the *Anders* brief. The State did not file a brief but noted in a letter that it agreed with Colon's counsel that there were no meritorious grounds for appeal.

Once an appellant's court-appointed attorney fulfills the requirements of *Anders* and files a motion to withdraw on the ground that an appeal is frivolous, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's *Anders* brief, as well as Colon's pro se response, which does not reveal any legitimate grounds for direct appeal. We agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006) ("We have held that such a memorandum opinion is acceptable in the context of an appeal for which appellate counsel has filed an *Anders* brief and the court of appeals has agreed that the appeal is in fact wholly frivolous."). Accordingly, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 27, 2023